UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————X

CECIL O. HARVEY,

                     Petitioner,

    -against-

PEOPLE OF THE CITY OF NEW YORK, [1]

                     Respondent.

———————————————————X

FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.

★ NOV 29 2005 ★

TIME A.M._____
P.M._____

MEMORANDUM AND ORDER
05-CV-4991 (NG)

GERSHON, United States District Judge:

    On October 13, 2005, petitioner Cecil O. Harvey, filed this petition, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2001 Kings County conviction. Petitioner is currently in the custody of the Bureau of Customs and Immigration Enforcement (BICE).[2] The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of his petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court directs the petitioner to show cause

---

    [1] The proper respondent in a habeas corpus petition is the officer having custody of the applicant. Rule 2(a) of the Rules Governing Section 2254 Cases.

    [2] Petitioner is challenging the validity of his state conviction, not an order of removal. Petitioner has not alleged in the instant habeas application that the Bureau of Customs and Immigration Enforcement (BICE) has improperly relied upon the state conviction to justify his confinement and intended deportation, a circumstance in which a petition brought pursuant to 28 U.S.C. § 2241 would be warranted. Instead, he challenges directly the state conviction, which must be done pursuant to 28 U.S.C. § 2254 and the timeliness provisions of 28 U.S.C. § 2244.

1

within 30 days of the entry of this order, why the Court should not dismiss his petition as time-barred.

## **BACKGROUND**

On May 8, 2001[3], petitioner was convicted of the misdemeanor of Criminal Possession of a Controlled Substance in the Seventh Degree pursuant to a guilty plea in New York Supreme Court, Kings County. He was sentenced to thirty days in jail. Petitioner was subsequently taken into the custody of the BICE.

On an unspecified date in 2001, petitioner states that he moved in New York Supreme Court, Kings County, for post-conviction relief under N.Y. Crim. Pro. L. § 440.10, but that "[t]here was never any action by the Court to file this motion to vacate or to adjudicate the merits presented in the motion." Pet. at p. 2. On June 20, 2004, petitioner moved in New York Supreme Court, Kings County, for post-conviction relief under N.Y. Crim. Pro. L. §§ 440.10, 440.20 and 440.30 on the grounds that he received ineffective assistance of counsel. Specifically, the petitioner argued that his attorney never inquired as to when or if a field test was conducted on the crack/cocaine and if such a test was conducted in his presence. Petitioner further alleged that his attorney failed to advise him that petitioner might face deportation as a collateral consequence of his guilty plea. On January 21, 2005, the court denied petitioner's motion without a hearing. See Decision and Order of Judge Miriam Best, dated January 21, 2005, attached to the instant petition. On June 14, 2005, petitioner states that he sought leave to appeal the denial of his 440 motion to the Supreme Court of the State of New York Appeals

---

[3] The petition states that petitioner pled guilty in 2005, but this date appears to be a typographical error.

2

Bureau, but his papers were returned to him and petitioner was given instructions on the proper address to send his papers. Pet. at p. 5. Petitioner states that he then sent his papers to the "Appellate Term of the Criminal Court located at 111 Livinston [sic] Streeet, Brooklyn, New York 11201." Pet. at p. 5. Petitioner states that "[a]fter several months when there was no response regarding this application as with the motion to vacate, the petitioner exhausted all avenues possible to have the State Court address this application for a certificate of Appealability." Pet. at p. 5.

Petitioner further states that while his June 20, 2004 motion was being adjudicated, he filed a direct appeal of his conviction, which petitioner states "to date as with the application for certificate of appealability has not been acted upon by the Appellate Term of the Criminal Supreme Court of the City of New York." Pet. at p. 5. Petitioner does not state the actual date he filed his direct appeal or provide a copy of his direct appeal papers.

Petitioner is presently in the custody[4] of the BICE in the Hudson County Correctional Center in Kearney, New Jersey. Petitioner has a lengthy history of proceedings before both this court and immigration authorities and has filed four petitions for habeas relief pursuant to 28

---

[4] As the petition appears to be time-barred, the Court reserves the question of whether petitioner's current incarceration at Hudson County Correctional Center facing deportation satisfies the "in custody pursuant to the judgment of a State court" standing requirement of 28 U.S.C. § 2254(a). Compare, Ambimbola v. People, No. 02-CV-6305, 2003 WL 22952852, at * 1 (E.D.N.Y. Oct. 10, 2003 (JBW) (petitioner's "BICE incarceration and imminent deportation were attributable at least in part to the state conviction and are therefore 'collateral consequences' of the conviction sufficient to satisfy the 'in custody' standing requirement of section 2254") (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)); with Harris v. INS, No. 03-CV-2399, 2004 WL 951510, at *2 (E.D.N.Y. April 29, 2004) (SJ) (petitioner held in Pennsylvania prison and against whom a final order of deportation had been entered did not satisfy the "in custody" standing requirement of 28 U.S.C. § 2254(a)) (citing Maleng v. Cook, 490 U.S. 488, 491-92 (1989)).

U.S.C. § 2241.[5]

## DISCUSSION

With the passage of AEDPA, Congress set a one-year statute of limitations for the filing

of a petition for a writ of habeas corpus by a person in custody pursuant to a state court

conviction. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations period runs from the

date on which one of the following four events occurs, whichever is latest:

> (A)   the direct review of the petitioner's conviction is concluded;
>
> (B)   an unconstitutional or illegal state-created impediment which precluded the petitioner from filing his petition was removed;
>
> (C)   a new constitutional right was announced by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>
> (D)   the factual predicate for the petition was – or could have been – discovered by the petitioner through exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). See also Cook v. N.Y. State Div. of Parole, 321 F.3d 274 (2d

Cir. 2003).

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254

appears to be time-barred under the Act. In general, the one-year statute of limitations period

---

[5] See Harvey v. Immigration and Naturalization Service, 01-CV-4202 (NG) (Order dated October 31, 2001, granting the petition for writ of habeas corpus and remanding case to the BIA for further proceedings pursuant to old INA Section 212c); Harvey v. Immigration and Naturalization Service, 01-CV-7942 (NG) (Order dated January 10, 2002, dismissing petition for writ of habeas corpus for failure to exhaust administrative remedies); Harvey v. Immigration Service, 04-CV-607 (NG) (Order dated October 21, 2004, dismissing petition to allow petitioner to exhaust his administrative remedies. Order contains a lengthy recitation of the procedural history of petitioner's § 2241 claims.); Harvey v. Homeland Security (BICE), 04-CV-4832 (NG) (Order dated June 1, 2005, transferring petition to the United States Court of Appeals for the Second Circuit pursuant to Section 106 of the Real ID Act of 2005);

runs from the date on which the state criminal judgment becomes final.[6] The petitioner was convicted on May 8, 2001. When petitioner entered his guilty plea, he waived his right to appeal. However, petitioner states that "before the [second 440] motion to vacate was adjudtiacte [sic], [he] . . . filed an appeal of the judgment of conviction . . .." Pet. at p. 5. Although unclear, it appears that petitioner alleges that he filed a direct appeal in 2004, sometime after filing his second 440 motion. However, the Court notes that petitioner fails to provide any evidence that such an appeal was ever filed.

In any case, under New York law, petitioner's conviction became final thirty days from the date of his conviction, on June 7, 2001. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Therefore, absent some tolling of the one-year statute of limitation, petitioner had until June 7, 2002 to file his habeas petition. The instant petition dated October 10, 2005 was filed over three years after the statute of limitation period expired.

28 U.S.C. 2244(d)(2) provides for the one-year statute of limitation period to be tolled while state post-conviction motions are pending. A properly filed motion to vacate a judgment under N.Y. Crim. Pro. L. §.440.10 is a state remedy that justifies statutory tolling. See Pratt v. Greiner, 306 F.3d 1190, 1191 (2d Cir. 2002). A petitioner who brings a timely motion to vacate a judgment is entitled to statutory tolling while the proceedings are pending, i.e., "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999).

---

[6] Petitioner does not allege a basis for the application of 28 U.S.C. § 2244 (a)(1)(B), (C) or (D).

5

Petitioner states that he filed a post-conviction motion in 2001 in Kings County Supreme Court pursuant to New York Criminal Procedure Law § 440, but "[t]here was never any action by the Court to file this motion . . .." Pet. at p. 2. Petitioner filed a second 440 motion on June 20, 2004, which was denied on January 21, 2005. Petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d cir. 2000) *(per curiam)*.

Therefore, petitioner is directed to show cause by written affirmation, within 30 days from the date of this Order, why the statute of limitations should not bar the instant petition.[7] Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). No response shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order.

Petitioner's affirmation shall include any facts which would support the circumstances outlined in 28 U.S.C. § 2244(d), including the dates on which he filed any direct appeal or post-conviction motions. Petitioner may attach, if available, a copy of his direct appeal and any post-conviction motions as exhibits to the affirmation.

Furthermore, the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on

---

[7] An affirmation form is attached to this Order for petitioner's convenience.

6

time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.


NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
       Nov. 16, 2005

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

CECIL O. HARVEY,

                Petitioner,

    -against-

PEOPLE OF THE CITY OF NEW YORK,

                Respondent.

_____X

PETITIONER'S AFFIRMATION
05-CV-4991 (NG)

STATE OF _____ }
COUNTY OF _____ } SS:

    Cecil O. Harvey makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's Order dated _____. The instant petition should not be time-barred by the one-

year statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & Zip Code