UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X      05 CV 4991 (NG) (JMA)
CECIL O. HARVEY, a/k/a Michael Roberts,

                Petitioner,

                                                                                    OPINION AND ORDER

    - against -

PEOPLE OF THE CITY OF NEW YORK,

                Respondent.
------------------------------------------------------------X

**GERSHON, United States District Judge:**

Acting *pro se*, petitioner Cecil O. Harvey filed a petition, dated October 10, 2005, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 13, 2006, the court ordered limited briefing to address the following issues: whether the petition is time-barred and whether petitioner is currently "in custody" within the meaning of Section 2254. For the reasons set forth below, the petition is now dismissed.

## BACKGROUND

Petitioner, a native and citizen of Barbados, who entered the United States as a lawful permanent resident alien on March 9, 1972, has a lengthy criminal history, as well as a lengthy history of proceedings before this court, as set forth in the court's order dated November 16, 2005. The instant petition concerns petitioner's May 8, 2001 conviction for Criminal Possession of a Controlled Substance in the Seventh Degree, N.Y. Penal Law § 220.03, following a guilty plea in New York Supreme Court, Kings County (Karopkin, J.). In connection with this conviction, petitioner was sentenced to thirty days imprisonment, which sentence was fully discharged prior to

1

the date on which the instant petition was filed.

By motion dated June 30, 2004, petitioner sought an order from New York Supreme Court, Kings County, vacating his conviction pursuant to N.Y. C.P.L. §§ 440.10, 440.20, and 440.30. He claimed that his counsel was constitutionally ineffective. In a detailed decision and order dated January 21, 2005, the state court denied petitioner's motion. *People v. Roberts*, No. 2001KN037458 (N.Y. Sup. Ct., Kings County Jan. 21, 2005) (Best, J.).

Petitioner alleges that he filed various other challenges to his May 8, 2001 conviction in state court, including a motion to vacate his conviction in June 2001 and a direct appeal sometime subsequent to June 30, 2004. Petitioner has not been able to provide any documentary evidence, however, of these alleged filings. They do not appear in the official state court record, and counsel for respondent has certified, under penalties of perjury, that respondent is not in possession of them.

Currently, petitioner is subject to a final order of removal.[1] In a decision dated October 15, 2004, the Board of Immigration Appeals ("BIA") affirmed the decision of an immigration judge, who found that, as a result of petitioner's May 8, 2001 conviction, "there was no combination of waivers or other forms of relief that would allow [him] to remain in the United States." *In re Harvey*, File No. A31-212-403-NY (BIA Oct. 15, 2004). By order dated January 14, 2005, the BIA denied petitioner's motion for reconsideration.

In the petition for habeas corpus currently pending before the court, dated October 10, 2005, petitioner claims that the state court proceedings that resulted in the May 8, 2001 conviction violated his constitutional rights to the effective assistance of counsel and due process of law.

---

[1]At the time that this action was filed, petitioner was in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") at the Hudson County Correctional Facility. By letter dated March 21, 2006, petitioner informed the court that he had been released from ICE custody.

# DISCUSSION

## I. "In Custody" Requirement of Section 2254

A district court may not entertain a petition for a writ of habeas corpus seeking review of a state court judgment unless the petitioner satisfies the jurisdictional "in custody" requirement of 28 U.S.C. § 2254.[2] *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). To do this, the petitioner must be in custody pursuant to the challenged judgment when the petition for collateral review is filed. *Id*. Physical confinement is not necessary to satisfy the "in custody" requirement; a petitioner who is on parole or serving a term of supervised release is "in custody" for the purposes of the federal habeas corpus statutes. *Id*.

In *Maleng v. Cook*, 490 U.S. 488, 492 (1989), the Supreme Court held that a petitioner does not remain "in custody" after the petitioner's sentence has been fully discharged merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which the petitioner may be convicted. *Id*. "While we have very liberally construed the 'in custody' requirement for purposes of federal habeas," the Court explained, "we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id*. Indeed the Court noted that its prior cases created an implication that, once the sentence imposed for a conviction has been fully discharged, the collateral consequences of that conviction are never sufficient, by themselves, to render an individual "in custody" for the purposes of habeas corpus review. *Id.*

Building on the Supreme Court's analysis, other courts have reasoned that the collateral

---

[2]An analogous requirement exists under 28 U.S.C. § 2255, and cases discussing either requirement are cited interchangeably.

immigration consequences of a petitioner's conviction are not sufficient to satisfy the "in custody" requirement of Section 2254, even when those consequences include detention by immigration authorities. *See, e.g., Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) ("Because [petitioner's] sentence was fully expired by the time he filed his Section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not 'in custody' for the purposes of Section 2255."); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (finding that a petitioner did not satisfy the "in custody" requirement of Section 2255 even though he was facing the collateral consequence of deportation); *Cuevas v. People*, 2002 WL 206985 (S.D.N.Y. 2002) ("A habeas petitioner who has completed his sentence and was the subject of an INS deportation order cannot attack his underlying state court criminal conviction in a federal habeas corpus proceeding because he was no longer in custody with respect to the expired state conviction."); *Adegbuji v. United States*, 2003 WL 21961122 (S.D.N.Y. 2003) (holding that petitioner's "current INS incarceration is a collateral consequence of his convictions for the purposes of Section 2255" insufficient to satisfy the "in custody" requirement of that statute). *But see Abimbola v. People*, 2003 WL 22952852 (E.D.N.Y. 2003) (Weinstein, J.) ("Although his state sentence is fully expired and he is no longer in the physical custody of the state, his BICE incarceration and imminent deportation are attributable at least in part to the state conviction and are therefore 'collateral consequences' of the conviction sufficient to satisfy the 'in custody' standing requirement of section 2254.").

In *Abimbola v. United States*, I considered the issue of whether collateral immigration consequences stemming from a criminal conviction could satisfy the "in custody" requirement of the habeas corpus statutes, but did not need to resolve it because, in that case, the petitioner's

detention by immigration authorities was unrelated to the challenged conviction. *Abimbola v. United States*, 369 F. Supp. 2d 249, 252-53 (E.D.N.Y. 2005). Here, however, the BIA made an express finding that petitioner is unable to seek relief from the order of removal entered against him because of the challenged conviction. In light of the Supreme Court's reasoning in *Maleng*, I now hold that, when a petitioner's sentence has been fully discharged, collateral immigration consequences stemming from the conviction are not sufficient to satisfy the "in custody" requirement of Section 2254. Accordingly, the instant petition must be dismissed.

## II.     Limitations Period

As an alternate and independent basis for dismissing the petition, I find that it is time-barred. A petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment is subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1). In this case, the one-year limitations period began to run on June 7, 2001, thirty days after the date of the conviction and, thus, the day on which the judgment of conviction became final under New York law. *See* N.Y. C.P.L. § 460.10(1); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2000). Accordingly, absent any tolling, the one-year period of limitations would have expired on June 7, 2002.

Although "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded for purposes of calculating the one-year limitations period, 28 U.S.C. § 2244(d)(2), an application is not "properly filed" unless it is "delivered to, and *accepted by*, the appropriate court officer *for placement into the official record*." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added). Here, petitioner alleges that he filed a post-conviction motion in the state court in June 2001. Given that

the motion does not appear in the official state court record, however, the court presumes that it was not properly filed. Petitioner does not offer any evidence to rebut this presumption. Allowing a petitioner's unsubstantiated claim of having filed a post-conviction motion to toll the limitations period would invite fraud on the court and effectively disable the limitations period provision of the statute. The only properly filed application for post-conviction relief that appears in the official state court record was not made until June 30, 2004, well after the limitations period expired. Accordingly, there is no basis in the record before this court for statutory tolling of the limitations period. Furthermore, petitioner has not established that he is entitled to equitable tolling of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). As a result, the court finds that the petition dated October 10, 2005 is time-barred.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed.

Insofar as petitioner asserts that he was denied the effective assistance of counsel in the state court proceedings, which resulted in petitioner being sentenced to a term of imprisonment, the petition, on its face, states a valid claim for denial of a constitutional right. *See Scott v. Illinois*, 440 U.S. 367, 373-74 (1979). Since jurists of reason may find it debatable whether collateral immigration consequences stemming from a criminal conviction satisfy the "in custody" requirement of the habeas corpus statutes, the court grants petitioner a certificate of appealability with respect to that issue. *See Bethea*, 293 F.3d at 578. The court further grants petitioner *in forma pauperis* status

for the purpose of an appeal.

The Clerk of Court is directed to close this case.


                                                    **SO ORDERED.**


                                                    _____/S/_____
                                                    **NINA GERSHON**
                                                    **United States District Judge**

Dated: Brooklyn, New York
       June 23, 2006